IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:08-1057-CMC |
| v. | **OPINION and ORDER** |
| Toby Gibson, Jr., | |
| Defendant. | |

This matter is before the court on Defendant's letter, dated August 8, 2010, wherein he seeks a reduction in his sentence due to his accomplishments while incarcerated. Dkt. # 412 (filed Aug. 12, 2010).

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on July 28, 2009, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a

subsequent lowering of the applicable sentencing range.). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence.

Defendant's letter does not allege that any of these circumstances applies. The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's request, construed as a motion for reconsideration, is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 23, 2010